IN THE UNITED STATES BANKRUPTCY COURT
Eastern District of Michigan – Southern Division

**In the Matter of**: }
                                                         }    Case No. 10-52106
James Brendan Dimond                    }
Jennifer Anne Dimond                      }    Chapter 13
                                                         }
**Debtors**                                           }    Hon.

-------------------------------------------------------------/

James Brendan Dimond and                Adversary Proceeding No:
Jennifer Anne Dimond,                     Judge:
a married couple,

       Plaintiffs,

vs.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., ("MERS"), a Delaware Corporation

       Defendant.
_____/

## COMPLAINT TO AVOID ("STRIP OFF") JUNIOR LIEN

**Introduction**

This is an action brought by the Plaintiff pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the Debtors and determine the amount of the allowed secured claim of the Defendant.

**Jurisdiction**

1. The Plaintiff alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. The Plaintiff further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

**The Base Case and Parties**

3. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on April 13, 2010.

4. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

5. The 341(a) meeting of creditors has yet to be held.

6. The Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is, upon information and belief, an entity engaged in business in the State of Michigan, and which maintains a principal place of business in some state other than the State of Michigan.

7. The Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") has, upon information and belief, a place of business in the State of Michigan located at P.O. Box 2026, Flint, MI 48501-2026.

8. The Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is not an insured depository institution as defined in Section 3 of the Federal Deposit Insurance Act.

**Factual Allegations**

9. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of HSBC MORTGAGE SERVICES for the second mortgage on the residential real estate of the Debtors. HSBC MORTGAGE SERVICES is the servicer of the loan. The holder of this loan is Calusa Investments, LLC, or their successor in interest.

10. At the time the original complaint in this Adversary Proceeding was filed the holder of the junior lien at interest in this Adversary Proceeding was Defendant MERS. See Exhibit 1.

11. Upon information and belief, as of the date of this Complaint, there has been no assignment or transfer of the lien filed with the Washtenaw County Register of Deeds.

12. The legal description of the residential real estate of the Debtors is as follows:

LAND SITUATED IN THE TOWNSHIP OF YPSILANTI, COUNTY OF WASHTENAW, STATE OF MICHIGAN, IS DESCRIBED AS FOLLOWS: LOT 391, STREAMWOOD SUBDIVISION NO. 7, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN LIBER 29, PAGES 85 THROUGH 90 OF PLATS, WASHTENAW COUNTY RECORDS.

MORE COMMONLY KNOWN AS: 7234 DEERTRACK DRIVE, YPSILANTI, MI 48197

13. Upon information and belief, the mortgagee on the junior lien, Defendant MERS, is not the promissee on the promissory note.

14. As the mortgagee on the junior lien, Defendant MERS, is not owed any balance as per a promissory note, the Defendant MERS, holds a totally unsecured junior lien on the residential real estate.

15. The Plaintiff believed, and therefore alleged in his petition and schedules, that there was no equity in their residential real estate to which the second mortgage could secure and, therefore, provided for the claim to be paid as an unsecured claim under the terms of the proposed plan.

16. The Plaintiff alleges that at the time he filed their bankruptcy petition the value of their interest in the said residential real estate was approximately $105,336.00. See Exhibit 2.

17. The Plaintiff's interest in the real estate is subject to a first lien arising out of a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for lender, successors and assigns with Wells Fargo Home Mortgage, as servicer for lender, Capital Mortgage Funding, Inc., or its successor in interest, in the amount of $186,400.00 or, if not exactly $186,400.00, some amount greater than $105,336.00. See Exhibit 3.

18. The Plaintiff's interest in his residential real estate is subject to a second lien arising out of a mortgage in favor of MERS with HSBC MORTGAGE SERVICES as servicer for the lender, Calusa Investments, LLC, or its successor in interest. The balance due on the loan is, at the time of filing of the petition under Title 11, approximately $40,825.00. See Exhibit 1.

19. The lien securing the second mortgage of MERS is junior to the first mortgage listed above as owing to Wells Fargo Home Mortgage, as nominee for lender successors and assigns with Capital Mortgage Funding, Inc., as servicer for lender.

20. The Plaintiffs alleges that there was no equity in their home at the time of the Order for Relief and therefore the Defendant has no secured interest for the loan secured by the second mortgage on the subject real estate.

21. Pursuant to 11 U.S.C. Section 506(a), the Defendant has no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

22. Any timely filed claim of the Defendant for the second mortgage loan is allowable only as an unsecured claim and to the extent that no such claim was filed the Defendant has no claim against this estate.

**WHEREFORE,** the Plaintiff respectfully prays of the Court as follows:

A. That this Court determine that the Defendant has no secured interest for the loan secured by the second mortgage on the residential real estate of the Debtors;

B. That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the Debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtors within 60 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

C. That this Court direct the Trustee that any timely filed proof of claim of the Defendant for the second mortgage lien be treated as an unsecured claim under the plan;

D. That the attorney for the Plaintiff be awarded reasonable legal fees;

E. That the Plaintiff have such other and further relief as to the Court may seem just and proper.


Dated: April 13, 2010                    /s/Gregory L. Dodd_____
                                         Gregory L. Dodd
                                         Attorney for Debtors
                                         300 North Huron Street
                                         Ypsilanti, MI 48197
                                         734-487-2611 voice
                                         734-487-5094 fax
                                         gregorydodd@doddkeyeslaw.com